|1PER CURIAM.*
The district attorney of Orleans Parish applied for writs from this Court on the question of whether he is entitled to a sus-pensive appeal from a trial court ruling enjoining him from enforcing a state criminal statute. See LSA-R.S. 13:4431; LSA-C.C.P. Art. 3612. We thereupon permitted the parties to this proceeding to argue orally in support of and against the requested writ grant in this case. We did so by entertaining these arguments following oral arguments on a related proceeding in which another plaintiff also sought declaratory and injunctive relief against the district attorney regarding his investigation into the Showboat Star Casino. Board of Comm’nrs of the Orleans Levee District v. Connick, 94-CA-3161.[1]
We have this day rendered a decision in that case. Board of Comm’nrs of the Orleans Levee District v. Connick, 654 So.2d 1073 (1995). In that decision we not only vacated the tidal court’s declaration that LSA-R.S. 14:90(D) was unconstitutional, but also affirmed the trial court’s denial of in-junctive relief to 12the plaintiffs and sustained the district attorney’s exception of no cause of action on the showing made by the plaintiff. We did so based upon our opinion that the issuance of injunctive or declaratory relief by a court of civil jurisdiction restraining the district attorney’s exercise of his constitutional prerogative to prosecute wrongdoers is only justified by extraordinary circumstances which the plaintiff in that ease was unable to show. Because of the reasoning behind our disposition of that case, we conclude that the resolution therein is controlling in this case and accordingly grant this *1083 writ and dispose of it summarily for the following reasons.
As we indicated in Daily Advertiser v. Trans-La, 612 So.2d 7, 15 n. 14 (La.1993) (citations omitted), “upon granting writs, the entire case is before this court.” For the reasons set forth in our opinion in Board of Comm’nrs, 94-CA-3161, supra, we hereby reverse the decision of the trial court in this case granting the plaintiff a preliminary injunction against the district attorney. In doing so, we moot the procedural issue which was the focus of the district attorney’s writ application in this matter. Furthermore, this action puts to rest the issues presented by the district attorney’s pending appeal in the court of appeal. Therefore, we remand this ease to the court of appeal, where it is currently lodged, with an order that the district attorney’s appeal in the court of appeal be dismissed, and that the entire case be remanded to the trial court for further proceedings consistent with our opinion in Board of Comm’nrs of the Orleans Levee District v. Connick, 94-CA-3161, supra.
WRIT GRANTED; DISTRICT COURT’S JUDGEMENT ENJOINING THE DISTRICT ATTORNEY REVERSED; REMANDED TO COURT OF APPEAL, WITH ORDER TO DISMISS APPEAL AND REMAND TO DISTRICT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

 Justice Walter F. Marcus, Jr., was not on the panel that heard and decided this case. See State v. Barras, 615 So.2d 285, 286 n. 1 (La.1993).

. That case was before us on direct appeal because of the trial court's declaration that LSA-R.S. 14:90(D), which provides an exemption from criminal culpability for “gambling" under LSA-R.S. 14:90(A), was unconstitutional.